UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DOROTHY GREER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PAUL H. O'NEILL, SECRETARY, ) <br> U.S. DEPARTMENT OF TREASURY, ) <br> ) <br> Defendant. ) | Civil Action No.  01-1398 (EGS) <br> Document No.    73 |

MEMORANDUM OPINION

This matter is before the Court on defendant's second motion for summary judgment on issues left unresolved by the Memorandum Opinion and Order filed September 25, 2003 (hereinafter "Mem. Op. I").  Specifically, the issues concern plaintiff's claim of a hostile work environment based on race, the denial of leave from October 6, 1995 until August 13, 1996, and the denial of a within-grade pay increase.  Upon consideration of the parties' submissions and the entire record, the Court will grant defendant's motion and will now enter judgment accordingly.

*1. Hostile Work Environment Claim*

Defendant asserts that plaintiff failed to exhaust her administrative remedies with respect to all but one of the incidents supporting her hostile work environment claim.  *See* Memorandum and Points of Authority in Support of Defendant's Second Motion for Summary Judgment at 13-19.  Compliance with "established detailed procedures for the administrative resolution of discrimination complaints, including a series of time limits for seeking informal adjustment of complaints. . . ." is mandatory.  *Bowden v. U.S.*, 106 F.3d 433, 437 (D.C. Cir.

1997) (citing 29 C.F.R. §§ 1613.201-283 (1991) (recodified at 29 C.F.R. part 1614 (1996)). Moreover, "[c]omplainants must timely exhaust these administrative remedies before bringing their claims to court." *Id*. (citations omitted).  The purpose of the exhaustion requirement is to allow "the agency an opportunity to resolve the matter internally and to avoid unnecessarily burdening the courts." *Wilson v. Pena*, 79 F.3d 154, 165 (D.C. Cir. 1996). Thus, "[a] Title VII lawsuit following the EEOC charge is limited in scope to claims that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Park v. Howard University*, 71 F.3d 904, 907 (D.C. Cir. 1995), *cert. denied*, 519 U.S. 811 (1996) (quoting *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir.1994) (omitting other citations)).  It is appropriate to grant a defendant's motion for summary judgment when, absent special equitable circumstances not presented here, a plaintiff fails to demonstrate exhaustion of administrative remedies.  *See Siegel v. Kreps*, 654 F.2d 773, 776-78 (D.C. Cir. 1981); accord *National Railroad Passenger Corporation, v. Morgan*, 536 U.S. 101, 108 (2002) ("Strict adherence to [Title VII's] procedural requirements . . . is the best guarantee of evenhanded administration.") (internal citation and quotation marks omitted).

Defendant claims that plaintiff did not take the initial step in the administrative remedy process of seeking EEO counseling within 45 days of the "matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. ¶ 1614.105(a)(1).  Plaintiff does not dispute that she did not seek EEO counseling in a timely manner.  Rather, she counters that she put the defendant on notice of her claims by complaining to her supervisor shortly after the incidents.[1]  Plaintiff's recollection of when many of the

---

[1] In her Statement of Genuine Issues, plaintiff also claims that she provided notice to defendant through "an EEO action filed in 1993, and union grievances filed in 1995." Pl.'s Facts at 6 (Response to Def's Statement No. 8).  Plaintiff has not cited "the parts of the record relied on to support [this] statement." LCvR 7(h).

incidents took place is no more helpful here (post-discovery), however, than when previously considered (pre-discovery). *See* Mem. Op. I at 7, n. 2, 12, 14 (recognizing difficulty with deciphering from the complaint when events took place). She therefore has not sustained her burden in opposing a summary judgment motion by "set[ting] forth specific facts showing that there is a genuine issue for trial" on her notice claim. Fed. R. Civ. P. 56(e). In any event, this is of no material consequence because such informal action "cannot replace the required initial contact with an EEO counselor within 45 days of the alleged[] offensive incident." *Carter v. Greenspan*, 304 F. Supp.2d 13, 23 (D.D.C. 2004) (citing cases). It is undisputed that all of the events forming the basis of the hostile work environment claim had to have occurred "14 months or more" before plaintiff sought EEO counseling on May 10, 1995. Def's Mem. at 15. This is so because (1) plaintiff concedes that she was away from that work environment between January 1994 and March 8, 1995, and during that time she had "absolutely no contact" with defendant. Def.'s Ex. 1 (Greer Aff't); *see also* Def.'s Mem. at 16-19 (pinpointing approximate time periods of alleged events from plaintiff's deposition testimony), and (2) plaintiff did not return to work before her termination in August 1996. Plaintiff has not created a genuine issue of material fact on the exhaustion question, nor has she provided any basis for equitable tolling of the 45-day time limit. Defendant is entitled to summary judgment on plaintiff's unexhausted hostile work environment claim.

### 2. Leave Status Claims

The Court previously concluded that plaintiff had not established her *prima facie* case of discrimination with respect to her AWOL (absent without leave) status from May 1, 1995 until October 5, 1995, because she had not shown that she suffered an objectively tangible harm. Mem. Op. I at 9-10. The record was not clear as to plaintiff's status between October 6, 1995

4

and August 13, 1996. *Id*. at 10-11.  To sustain her claim, plaintiff must demonstrate that she suffered a "legally cognizable adverse action by the employer," *Brown v. Brody*, 199 F.3d 446, 453 (D.C. Cir. 1999), by showing that the action resulted in a "diminution in pay or benefits [or] 'some other materially adverse consequences affecting the terms, conditions, or privileges of her employment . . . such that a reasonable trier of fact could conclude that the plaintiff has suffered objectively tangible harm.'" *Bailey v. Henderson*, 94 F. Supp.2d 68, 72 (D.D.C. 2000) (quoting *Brown v. Brody*, 199 F.3d at 457); *see also Currier v. Postmaster*, 304 F.3d 87, 89 (D.C. Cir. 2002) ("[T]he employee must be worse off after the personnel action than before it; otherwise, he has suffered no objectively tangible harm.").

The current record shows that plaintiff remained "on AWOL for those days that she both failed to return to work and did not participate in Grand Jury duty." Def's Mem. at 6 (citing Def.'s Ex. 4).  Some of the hours previously charged as AWOL were converted to sick leave and LWOP (leave without pay).  *See* Pl.'s Ex. 9.  Plaintiff does not claim that she suffered tangible harm directly from the AWOL designation.  Rather, she challenges defendant's refusal to allow her to use annual leave to avoid the AWOL designation, which ultimately formed part of the bases of an adverse action, *i.e.*, her termination.  *See* Def's Ex. 4 (citing 139 AWOL specifications supporting proposed termination).  This claim fails for two reasons.  First, leave denials, without more, are beyond the scope of the court's jurisdiction inasmuch as "Title VII . . . does not authorize a federal court to become 'a super-personnel department that reexamines an entity's business decisions.'" *Barbour v. Browner*, 181 F.3d 1342, 1346 (D.C. Cir. 1999) (quoting *Dale v. Chicago Tribune Co.*, 797 F.2d 458, 464 (7th Cir.1986)).[2]  Second, plaintiff was compensated for the unused annual leave, *see* Def.'s Ex. 13, and therefore suffered no diminution

---

[2] Plaintiff's own evidence shows that she had at most 30 days' annual leave, Pl.'s Ex. 10, which was nowhere near sufficient to cover her 11 months' absence.

in benefits. Plaintiff also asserts that defendant relied on her AWOL status to deny her a within-grade pay increase allegedly approved in December 1995. Pl's Opp. at 8. Defendant has sufficiently demonstrated, however, that plaintiff did not qualify for a within-grade increase in December 1995. *See* Def's Reply at 2-3 & Ex. 9 (citing, *inter alia*, 5 C.F.R. § 531.406(b)(2)(ii)). Therefore, no reasonable juror could find that plaintiff suffered a diminution in pay.

Even if plaintiff had satisfied her *prima facie* case of discrimination, her claim would fail under the burden-shifting analysis of *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). Because there is no direct evidence of discrimination, the burden of production shifts to the defendant to rebut the presumption of discrimination by articulating a legitimate, nondiscriminatory reason for the challenged actions. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142 (2000); *Aka v. Washington Hospital Center*, 156 F.3d 1284, 1288-89 (D.C. Cir. 1998); *Ware v. Howard Univ.*, 816 F. Supp. 737, 749-50 (D.D.C. 1993). If the defendant articulates such a reason, the presumption of discrimination vanishes. Plaintiff must then "be afforded the 'opportunity to [produce evidence] prov[ing] . . . that the legitimate reasons offered by the defendant were not its true reasons [for the job action], but were a pretext for discrimination.'" *Reeves*, 530 U.S. at 143. (quoting *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981)) (other citation omitted). While the Court's analysis in *McDonnell Douglas* speaks of shifting burdens of proof, the "'ultimate burden of proof [*i.e.*, proving a case of intentional discrimination by a preponderance of the evidence], remains at all times with the plaintiff.'" *Reeves*, 530 U.S. at 143 (quoting *Burdine*, 450 U.S. at 253). In deciding a summary judgment motion, the Court considers "whether the jury could infer discrimination from the combination of (1) the plaintiff's *prima facie* case; (2) any evidence the plaintiff presents to attack the employer's proffered explanation for its actions; and (3) any further

6

evidence of discrimination that may be available to the plaintiff . . . or any contrary evidence that may be available to the employer. . . ." *Aka v. Washington Hospital Center*, 156 F.3d at 1289; *Ferguson v. Small*, 225 F. Supp.2d 31, 37 (D.D.C. 2002).

By letter of May 1, 1995, plaintiff's supervisor, Garland A. Carter, denied her request via "telephone call this morning" for annual leave for the entire month of May based on legitimate business reasons. Def's Ex. 2. Plaintiff was further advised in the letter that she should report to work on May 8, 1995, so that "we can discuss arrangements for leave and assess workload impact of our leave," or she would be charged as AWOL. *Id*. Defendant reasonably determined that plaintiff was medically cleared to return to work on September 26, 1995. Def's Ex. 3. Plaintiff did not return and therefore was designated as AWOL from that date until her termination date.[3] On these facts, which is devoid of any evidence of a discriminatory motive, no reasonable juror could find that defendant's legitimate AWOL designations were pretextual. Defendant is entitled to judgment on this claim.

### 3. Retaliation Claim

The allocation of the burden of proof for retaliation cases is virtually the same as that for discrimination cases. To establish a *prima facie* case of retaliation, plaintiff must show that (1) she engaged in activity protected by Section 704(a) of Title VII, (2) she suffered an adverse job action as a result, and (3) a causal link exists between the employment action and the protected activity. *See Mitchell v. Baldridge*, 759 F.2d 80, 86 (D.C. Cir. 1985); *Berger v. Iron Workers Reinforced Rodmen Local 201*, 843 F.2d 1395, 1423 (D.C. Cir. 1988); *Ferguson v*

---

[3] Plaintiff asserts that a genuine issue of material fact exists on whether defendant reasonably accommodated her alleged medical need by placing her in a less hostile working environment. Pl's Opp. at 10. The Court previously dismissed plaintiff's claims brought under the Rehabilitation Act, *see* Mem. Op. I at 14-17, and will not revisit them here. Notably, the dismissal was based in part on plaintiff's failure to provide notice to defendant of her disability. *See id*. at 15.


*Small*, 225 F. Supp.2d at 36-37.  Causation may be established by showing that "the employer had knowledge of the employee's protected activity, and that the adverse personnel action took place shortly after that activity."  *Mitchell v. Baldrige*, 759 F.2d at 86; *see also Cones v. Shalala*, 199 F.3d 512 (D.C. Cir. 2000) (strong timing evidence alone is sufficient to show a causal connection).  "Temporal proximity is often found sufficient to establish the requisite causal connection" for retaliation claims.  *Gleklen v. Democratic Congressional Campaign Committee, Inc.,* 199 F.3d 1365, 1368 (D.C. Cir. 2000).

Plaintiff's retaliation claim fails on the causation element.  Plaintiff confirms the protected activity as her "1993 EEO Pre-Complaint."  Pl.'s Opp. at 9; *see* Mem. Op. I at 17.[4]  The temporal proximity between the statutorily protected activity and the adverse action must be "very close" to establish a causal connection.  *Hammond v. Chao*, 383 F. Supp.2d 47, 59 (D.D.C. 2005) (quoting *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001)).  "[C]ourts generally have accepted . . . periods of a few days up to a few months and seldom have accepted time lapses outside of a year in length."  *Davis v. Ashcroft*, 355 F. Supp.2d 330, 352 (D.D.C. 2005) (quoting *Brodetski v. Duffey*, 141 F. Supp.2d 35, 43 (D.D.C. 2001)); accord *Ferguson v Small*, 225 F. Supp.2d at 38 (causal element established where termination occurred "a little more than a week" from employee's protected activity).  Plaintiff's termination three years' later is far too removed from the protected activity to sustain a retaliation claim.  Plaintiff fares no better to the extent that she bases this claim on the AWOL designations two years' later in 1995.  No reasonable juror could find for plaintiff on these facts.  Defendant is entitled to judgment as a matter of law on the retaliation claim.

---

[4]  Applying a liberal reading to plaintiff's *pro se* complaint, the Court initially suggested from the generalized allegations that plaintiff was also claiming retaliation for her opposition to unlawful employment practices "apparently throughout her tenure."  Mem. Op. I at 17.  Plaintiff has not advanced such a claim on summary judgment.  It therefore is a non-issue.

8

*Conclusion*

For the reasons stated above, the Court finds no genuine issue of material fact existing on the remaining claims. Defendant is entitled to judgment as a matter of law. A separate Order consistent with this Memorandum Opinion and the Memorandum Opinion of September 25, 2003, will issue contemporaneously.[5]

SIGNED:   EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

DATE: March 22, 2006

---

[5] The Court extends its appreciation to the law firm of LeBoeuf, Lamb, Greene & MacRae LLP for its *pro bono* representation of the plaintiff.